UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WOMACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVIN NEWSOME, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04003-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 1 |

Rodney Womack, now in custody at the California State Prison in Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

This action stems from rulings in an action for writ of habeas corpus filed by Rodney Womack in 2018. U.S. District Judge Freeman dismissed the habeas petition as an unauthorized second or successive petition and denied a certificate of appealability on January 22, 2019. Docket No. 1 at 39-43. Judges Tallman and Nguyen of the U.S. Court of Appeals for the Ninth Circuit later denied a certificate of appealability, and denied a motion to stay proceedings and for release. *Id.* at 36. Ninth Circuit Judges Farris and Murguia denied a motion for reconsideration. *Id.* at 37.

Womack alleges that Judges Freeman, Tallman, Nguyen, Farris, and Murguia refused to hold a "due process counsel hearing in connection with his two 1982 prior robbery conviction hearing" due to racial bias. *Id.* at 6. Womack further alleges that California Governor Newsom "should be held civilly liable because he's responsible for the judges who violated plaintiff's right to a counsel hearing." *Id.* at 9.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A. Claims Against the Judges

The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 396 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). The Supreme Court has recognized a *Bivens* claim in only three cases: *Bivens* (4th Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th Amendment Due Process Clause gender discrimination); and *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (8th Amendment inadequate medical treatment). "These three cases -- *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and will not be available if there are "'special factors' counseling hesitation in the absence of affirmative action by Congress," *id.* at 1848 (citation omitted).

Any claim against the five judge-defendants would have to be pursued under *Bivens*, if it could be pursued at all, because they are federal judges and therefore act under color of federal law rather than under color of state law. This court need not determine whether there could be a *Bivens* claim for the wrongs alleged in the complaint because there is a problem with the complaint that cannot be overcome even if a right of action is found under *Bivens* for the wrongs alleged. Specifically, the five judges have absolute judicial immunity against Womack's claims because their

1 allegedly wrongful acts were actions done in their judicial capacity. A federal judge is absolutely
2 immune from civil liability for acts performed in his or her judicial capacity; this immunity is not
3 limited to immunity from damages, but also extends to actions for declaratory, injunctive and other
4 equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S.*
5 *Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under
6 *Bivens*); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly
7 established at common law than the immunity of judges from liability for damages for acts
8 committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine,
9 in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."). The claims against the five judges are
10 barred by the doctrine of absolute judicial immunity.

B. <u>Claim Against The Governor</u>

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Any claim against California Governor Newsom would have to be pursued under § 1983, rather than under *Bivens*, because he acts under color of state law. Womack alleges that Governor Newsom should be held liable because he is "responsible" for the five judge-defendants. Docket No. 1 at 9. The problem for plaintiff is that, contrary to his allegation, the Governor of California is not responsible for and has no control over the federal judicial decision-making process. Under the U.S. Constitution, the President nominates, and the U.S. Senate confirms, both District Judges and Circuit Judges. *See* U.S. Const. Art. II, §2 (the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law"). A claim is not stated against the Governor who played no role in the adjudication of Womack's federal petition for writ of habeas corpus.

**CONCLUSION**

This action is DISMISSED because five of the defendants have absolute immunity against the claims alleged and the complaint fails to state a claim against the sixth defendant. Leave to amend is not granted because it would be futile: the defects in the complaint are of the sort that cannot be cured by amendment. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 10, 2020

_____
SUSAN ILLSTON
United States District Judge